## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES WAGGONER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-667-C |
| | ) | |
| COMANCHE COUNTY DETENTION | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at the Comanche County Detention Center ("CCDC").  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  The complaint has been promptly examined pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and because the undersigned finds that Plaintiff has failed to plead and provide evidence of exhaustion of his available administrative remedies, it is recommended that the case be dismissed upon filing.

## Plaintiff's Complaint

In describing the background of his complaint, Plaintiff alleges that in February, 2006, an inmate threw bleach mixed with disinfectant into Plaintiff's eyes [Doc. No. 1, p. 2].   Plaintiff further claims that Defendant Keller[1] both disregarded the advice of a nurse to take him to "C.C.M.H." and denied him the right to file charges against the

---

[1]Plaintiff states that Defendant Keller was in charge of the CCDC at the time of the relevant events [Doc. No. 1, p. 2].

inmate. *Id.* The first count of Plaintiff's complaint is for "Cruel Punishment" and references Defendant Keller's refusal to take Plaintiff to what is presumably the hospital to have his eyes flushed, thus leaving him in pain. *Id.* at 3. The second count is identified as "Equal Protection of Law" and states that Plaintiff asked to file charges and was denied that right by Defendant Keller and the court. *Id.* The third and final count is for "Refusal of Medical Treatment" and describes Defendant Keller's disregard of the nurse's treatment recommendation. *Id.* at 4. Also named as a defendant is Mr. Cagle who is described as an Administrator who denied Plaintiff's written request to press charges. *Id.* at 1.

**Procedural Background**

Upon the undersigned's initial review of the complaint, it appeared that Plaintiff had failed to adequately allege exhaustion of his administrative remedies as required by the provisions of 42 U.S.C. § 1997e(a), *see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003). In the space provided on the form complaint, Plaintiff answered affirmatively when asked to state whether he had sought administrative relief, but, in describing how he sought such relief, he stated that, "I filed a complaint with the Comanche County Court House." [Doc. No. 1, p. 5]. Accordingly, the undersigned ordered Plaintiff to show cause why the action should not be dismissed for his failure to allege and demonstrate that the administrative remedies available to him at CCDC had been fully and properly exhausted [Doc. No. 13]. Plaintiff was specifically advised:

> In this Circuit, exhaustion of administrative remedies is an essential allegation of a prisoner's claim, rather than an affirmative defense. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003). *Steele* sets forth specific requirements for pleading exhaustion. A prisoner must

2

either "attach a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Id.* at 1210 (internal citations and quotations omitted).

*Id.* at pp. 1 - 2.

In response to the order, Plaintiff stated that on July 28, 2006, he filed a complaint with the Comanche Court Clerk against the CCDC for not answering or returning inmate requests to staff and grievances [Doc. No. 14, p. 1]. A copy of the filing is attached to Plaintiff's response. *Id.* at Attachment 1, sequential pp. 1 - 4. Plaintiff also makes reference to but does not attach another complaint allegedly filed with the Comanche County Count Clerk in February, 2006, stating that the CCDC was denying him the right to file charges against the inmate who threw a substance into his eyes [Doc. No. 14, p. 2]. He further states that he is submitting "a Grievance filed on August 7, 2006 with the Honorable Judge Robin J. Cauthron" to show that he has exhausted all of his administrative remedies. *Id.* The attached Grievance Form is dated July 21, 2006, and complains about his lock-down status. *Id.* at Attachment 1, sequential pp. 5 - 8.

**Standard of Review for Initial Screening**

Pursuant to 28 U.S.C. § 1915A(a), the court is under an obligation to review, as soon as practicable, a complaint filed by a prisoner seeking redress from a governmental entity, officer or employee of a governmental entity. In addition, notwithstanding any filing fee or any portion thereof that may have been paid, it is the responsibility of the court to dismiss a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim for which relief can be granted or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

A court may dismiss, sua sponte, a pro se complaint for failure to state a claim upon which relief may be granted. *See Thorman v. Bernalillo County Detention Center*, No. 00-2073, 2000 WL 1730890, at *1 (10th Cir. Nov. 22, 2000) (citing *McKinney v. State of Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991) (unpublished op.)).[2] A complaint which fails to plead and provide evidence of exhaustion as required by § 1997e(a) is subject to dismissal for failure to state a claim. *Steele*, 355 F.3d at 1212.

## Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA) requires that a prisoner exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a), provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has found that the mandate of Congress is clear: exhaustion is <u>required</u>. *Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.") (quotation omitted)). Moreover, the provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. *See also Woodford v. Ngo*, __ U.S. __, 126 S.Ct. 2378 (2006).

---

[2]Unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

The Tenth Circuit has held that exhaustion is not an affirmative defense to be raised and proven by a defendant; rather § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele*, 355 F.3d at 1209-10.  As the Tenth Circuit explained: "To ensure compliance with the statute, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Here, while Plaintiff makes vague reference to attempts to file requests to staff and grievance forms with CCDC officials, neither in his complaint nor in his response to the undersigned's show cause order does Plaintiff describe those attempts with *any* type of specificity.  The court has *no* means of gauging whether Plaintiff made the requisite diligent effort to exhaust the available grievance procedure at the CCDC.[3]  In apparent recognition of his obligation to utilize a grievance form in adhering to CCDC procedure, Plaintiff attached a grievance form to his response to the undersigned's show cause order.  As stated by Plaintiff, however, this form was presented to the court and not to CCDC officials.  It references Plaintiff's lock-down status but not the medical treatment and

---

[3]At the request of the undersigned in an earlier case filed by Plaintiff in this court – Case No. CIV-06-137-C – the CCDC filed a copy of its grievance policy which provides, in part, that

As an inmate, you may contact a Detention Officer at any time and request an Inmate Grievance form.  Prior to filing a formal grievance you must take all necessary steps to informally resolve your issue.  Prior to filing a formal grievance you must first complete a Request to Staff form, with your complaint stated on the form.  You will send the form to the Executive Assistant, who will review your complaint and respond to you within seven (7) working days.  If you are not satisfied with the response, you may file a grievance concerning your issue.  You should complete the form as neatly and legibly as possible.  Sign the form and return your grievance form to a Detention Officer who will forward the form to the Administrator.

[Case No. CIV-06-137, Doc. No. 19, Exhibit 1].

refusal to file charges that are the subject of Plaintiff's complaint.  Moreover, the form is dated July 21, 2006, over a month after Plaintiff's complaint was filed. Exhaustion efforts following the filing of a complaint are irrelevant; administrative remedies must be exhausted before the complaint is filed.  *See Hayward v. Brill,* No. 04-1520, 2006 WL 122461, at *1 (10th Cir. Jan. 18, 2006) (unpublished op.).

Accordingly, the undersigned finds that Plaintiff has failed to meet his burden of pleading the required exhaustion of administrative remedies, s*ee Steele*, 355 F.3d at 1211, and, consequently,  recommends that Plaintiff's complaint be dismissed without prejudice to refiling.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Plaintiff's complaint be dismissed without prejudice for failure to demonstrate exhaustion of administrative remedies.

Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 4th day of October, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United*

*States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

IT IS SO ORDERED this 14th day of September, 2006.


BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE